UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                             :

VDP PATENT, LLC,                 :

                             :

               Plaintiff,      :

                             :        06 Civ. 5821 (GEL)

     -against-             :

                             :      **OPINION AND ORDER**

WELCH ALLYN HOLDINGS, INC., d/b/a   :
WELCH ALLYN, INC., and HAROLD ELLIS  :
DRUGS AND SURGICALS INC.        :

                             :

               Defendants.    :

                             :
-------------------------------------------------------------x

Michael B. Weiss, Cahill Gordon & Reindel LLP,
New York, New York, for Plaintiff.

Douglas J. Nash and John D. Cook, Hiscock &
Barclay, LLP, Syracuse, New York, for Defendants.


GERARD E. LYNCH, District Judge:

      In this patent infringement action, defendants have moved for summary judgment in

advance of discovery.  Plaintiff requests that the Court "decline to require [it] to brief any formal

response to" that motion.  (Letter of Michael B. Weiss, Esq., to the Court, dated December 8,

2006).  This request will be denied.  However, plaintiff's alternative request for an extension of

time to respond to the motion will be granted, and plaintiff will be permitted to engage in limited

discovery in preparation for its response.

      Defendants seek immediate summary judgment, arguing that its product for removing ear

wax cannot infringe plaintiff's patent for a method of accomplishing the same result, contending

that plaintiff's patent necessarily involves use of an "otoscope" and that defendants' product

does not encompass such a device.  Plaintiff contends that defendants' motion is premature.

Nothing in the Federal Rules of Civil Procedure precludes defendants' motion.  While such early motions will be granted "[o]nly in the rarest of cases," <u>Hellstrom v. U.S. Dep't of Veterans Affairs</u>, 201 F.3d 94, 97 (2d  Cir. 2000), and are vulnerable to the opposing party's showing of a need for discovery pursuant to Fed. R. Civ. P. 56(f), the rules specifically contemplate that such motions may be made and provide a mechanism for opposing them on grounds of prematurity.  Ordinarily, the proper way to defeat such a motion is to oppose it in the manner provided in the Rules.  Plaintiff indicates certain discovery that, in its view, is necessary properly to resolve the issues raised by the motion, but its showing would better persuade and be easier to evaluate if properly set forth in affidavits as provided by Rule 56(f).

Defendants' motion hinges on the definition of "otoscope."  Citing a medical dictionary and offering an affidavit from "a Program Manager in the Physical Exam business unit" of Welch Allyn (Decl. Stephen Burnett in Support of Mot. Summ. J. ¶ 4), defendants contend that an otoscope is "an instrument fitted with lighting and magnifying lens systems and used to facilitate visual examination of the auditory canal and eardrum."  (D. Mem. in Support of Mot. Summ. J. 4-5, citing Merriam-Webster's Online Medical Dictionary.)  Plaintiff cannily avoids committing itself to a definition, but cites a usage of the term in a patent application by one of the defendants: "an operative instrument through which other smaller instruments are passed to gain access to various parts of the inner ear."  (Weiss Letter, at 2, n.1.)[1]  Plaintiff contends that the term is neither as clear nor as narrow as defendants suggest, and that, if the term in its patent

---

[1] The online Oxford English Dictionary gives as a second meaning, "[a]n instrument used for visual inspection of the ear," but lists as the primary definition a somewhat different instrument (apparently more commonly referred to today as an "acoustic otoscope") "resembling a stethoscope, used to listen for the sound of air in the middle ear or Eustachian tube."  Oxford English Dictionary Online, http://www.oed.com (search for "otoscope").

is expansively defined, defendants' product infringes the patent.  Defendants' motion thus requires the Court to decide a contested issue of claim construction.

While plaintiff cites cases holding that in general, claim construction is inappropriate before or too early in discovery, see, e.g., Conopco, Inc. v. Warner-Lambert Co., No. 99 Civ. 101 (KSH), 2000 WL 342872, at *4 (D.N.J. Jan. 26, 2000), it is also true that "Markman does not require a district court to follow any particular procedure in conducting claims construction." Ballard Med. Prods. v. Allegiance Healthcare Corp., 268 F.3d 1352, 1358 (Fed. Cir. 2001), interpreting Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).  Although claim construction is a question of law for the Court and may be decided in the context of a summary judgment motion, Ballard, 268 F.3d at 1358, it is also true that claims are construed "through the viewing glass of a person skilled in the art."  Ferguson Beauregard/Logic Controls v. Mega Sys. LLC, 350 F.3d 1327, 1338 (Fed. Cir. 2003).  Fully to evaluate defendants' assertion, therefore, requires some discovery into the nature of the "art" involved and the development of a full record relevant to the construction of the term as used in the patent.

Moreover, it is not clear that adopting defendants' proposed construction of the term would resolve the controversy.  Although the challenged product apparently does not use an "otoscope" as defendants would define it, plaintiff maintains that the product may still infringe via the "doctrine of equivalents."  See Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950).  Equivalence ordinarily would be an intensely factual question. Significantly, defendants do not rely, for purposes of the pending motion, on any claim that its product as a matter of law could not be found to infringe pursuant to the doctrine of equivalents. Rather, defendants argue that plaintiff is precluded from relying on that doctrine by prosecution

3

history estoppel.  See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 733 (2002).  However, the record is hardly fully developed on the relevant patent prosecution history.

Defendants' motion thus cannot be resolved at this time.  The parties should have the opportunity to engage in discovery relevant to the issues presented by the motion.  Defendants may ultimately prevail, but resolution must await the submission of a full record upon which the Court may address the claims construction issues.

What the parties are really contesting is the proper way to proceed in the case. Defendants offer an argument that could be dispositive and urge that plaintiff should not be entitled to put them to the burden and expense of full discovery without defeating that argument. Plaintiff notes that defendants have not eschewed other potential issues and contends that it should not have to defend seriatim against a series of claims construction issues or summary judgment motions addressed to different aspects of its patent.[2]

Defendants have validly raised substantial issues regarding plaintiff's claim, to which plaintiff should be required to respond.  The issues are sufficiently significant that defendants should not be put to the burdens of full discovery until they have been resolved and that the risk of multiple stages of pretrial litigation, should the motion prove unavailing, is worth bearing.  At the same time, plaintiff requires some discovery in order properly to respond to the motion.

---

[2] Notably, however, plaintiff too seeks to avoid committing itself to a definitive litigation strategy.  A desire not to articulate its own definition of the key term highlighted by defendants appears to be a substantial tactical motivation for its effort to avoid the normal incidents of summary judgment briefing.

Accordingly, it is hereby ordered that:

1. Plaintiff shall respond to defendants' motion for summary judgment by March 30, 2007.  Defendants shall reply, if at all, by April 27, 2007.

2. The parties may conduct any discovery directed to resolution of that motion until February 28, 2007.  This deadline will not be extended and is set with a view to encouraging the parties to focus their discovery efforts during this period principally on matters necessary to address the issues presented by defendants' pending motion – primarily, the construction of the term "otoscope" as used in the patent and aspects of the prosecution history that may bear on whether plaintiff is estopped from relying on the doctrine of equivalents.


SO ORDERED.

Dated: New York, New York
       January 2, 2007

                                        _____
                                        GERARD E. LYNCH
                                        United States District Judge

5